| | |
|---|---|
| MARCIA GRANT as mother and next friend of minor, D[____] G[____] <br> c/o Cohen Harris, LLC <br> 1 North Charles Street, Suite 350 <br> Baltimore, Maryland 21201 <br> (address of local counsel for lead counsel, Mills & Edwards) <br><br> and <br><br> MARCIA GRANT <br> c/o Cohen Harris, LLC <br> 1 North Charles Street, Suite 350 <br> Baltimore, Maryland 21201 <br> (address of local counsel for lead counsel, Mills & Edwards) <br><br> Plaintiffs <br><br> v. <br><br> ATLAS RESTAURANT GROUP, LLC <br> D/B/A OUZO BAY RESTAURANT <br> 675 South President Street <br> Baltimore, Maryland 21202 <br><br> Serve on: Anastasia E. Thomas <br> Thomas & Libowitz, P.A. <br> 100 Light Street, Suite 1100 <br> Baltimore, Maryland 21202 <br><br> Defendant | IN THE <br><br> CIRCUIT COURT <br><br> FOR <br><br> BALTIMORE CITY <br><br> CASE NO. 24-C-20-002904 |

## COMPLAINT

Plaintiff, MARCIA GRANT, as mother and next friend of minor, D[____] G[____] and Plaintiff, MARCIA GRANT, individually ("Plaintiffs"), by and through their attorneys, hereby files this Complaint against ATLAS RESTURANT GROUP, LLC D/B/A Ouzo Bay Restaurant. In support thereof, Plaintiffs hereby allege the following:

**VENUE AND JURISDICTION**

1. Plaintiff, MARCIA GRANT resides in Baltimore City, Maryland.

2. Minor Plaintiff D█████ G█████ also resides in Baltimore City, Maryland.

3. Defendant ATLAS RESTAURANT GROUP, LLC (hereinafter referred to as "ATLAS" or "Defendant"), is a domestic LLC incorporated in Maryland.

4. Defendant ATLAS owns a restaurant known as Ouzo Bay Restaurant ("Ouzo Bay") which is located at 1000 Lancaster Street in Baltimore, Maryland.

5. Defendant ATLAS operates a restaurant known as Ouzo Bay which is located at 1000 Lancaster Street in Baltimore, Maryland.

6. Defendant ATLAS maintains a restaurant known as Ouzo Bay, located at 1000 Lancaster Street, Baltimore, Maryland.

7. Defendant ATLAS manages a restaurant known as Ouzo Bay which is located at 1000 Lancaster Street in Baltimore, Maryland.

8. The incident, which is the subject of this Complaint, occurred in Baltimore City, Maryland.

**FACTUAL BACKGROUND**

11. MARCIA GRANT and her minor son, D█████ G█████ are African-Americans.

12. On June 21st, 2020, Plaintiffs entered Ouzo Bay as customers. (All of the below alleged facts occurred on June 21st, 2020.)

13. After entering Ouzo Bay, Plaintiffs made a request to be seated in the restaurant where they were intending to eat a meal.

14. Prior to the day of the incident, Plaintiffs had no previous interaction with anyone affiliated with the Defendant and was not familiar with any member of the Defendant's staff.

15. Plaintiffs were informed by an Ouzo Bay hostess and/or manager of the restaurant that they would not be permitted to dine at the restaurant.

16. The hostess indicated the nine (9) year old Plaintiff did not meet the dress code of

the restaurant and was required to leave to premises.

17. Upon information and belief, at all times relevant herein, the Ouzo Bay hostess and/or manager(s) referenced in paragraph 15 were employed by Defendant and were working within the scope of their employment.

18. After Plaintiffs were informed they would not be permitted to eat at Ouzo Bay, Plaintiffs followed the direction of the staff and began to leave the premises.

19. Upon exiting the premises, Plaintiffs observed a child, who appeared to be a white American of approximately the same age as the nine (9) year old plaintiff.

20. The child of the same age appeared to have on an outfit almost identical in style to the outfit worn by the infant plaintiff.

21. Plaintiffs then sought clarification from the restaurant staff regarding the Defendant's refusal to serve Plaintiffs at Ouzo Bay and the staff conferred with the manager of the restaurant.

22. Upon information and belief, at all times relevant herein, the above-referenced manager was employed by Defendant and working within the scope of his employment.

23. Plaintiffs asked for an explanation as to why they were denied service based upon the dress code when there was another patron dressed the same way who was allowed to enter the premises and dine at the restaurant.

24. Even after highlighting the similarities in the outfits, Plaintiffs were not allowed to enter the restaurant and were denied service which indicated a different application of the Defendant's dress code policy for difference races.

25. There was no apparent distinction between the nine (9) year old plaintiff who was denied service and the other child who was permitted to enter, other than the color of their skin.

26. Defendant offered no justifiable reason why the African-American child was treated differently than the child that appeared to be white.

27. Plaintiffs were never granted permission to eat at the premises and were turned away solely because of the color of their skin.

28. Defendant discriminated against Plaintiffs and humiliated them because of their race.

### COUNT ONE --- 42 U.S.C. § 1981

29. Plaintiffs incorporate the allegations contained in paragraphs 1 through 28 as

3

though fully set forth herein.

30. Plaintiffs are African-Americans who are members of a protected class under 42 U.S.C. § 1981.

31. On June 21st, 2020, Plaintiffs sought to enter into a contractual relationship with Defendant.

32. On June 21st, 2020, Plaintiffs met the Defendant's ordinary requirements to pay for and to receive goods or services ordinarily provided by the Defendant to other similarly situated customers.

33. On June 21st, 2020, Defendant denied Plaintiffs the opportunity to contract for goods and services that were otherwise afforded to white customers.

34. Defendant authorized and/or ratified the acts described herein because the agent(s) and/or employee(s) of the Defendant engaged in the conduct.

35. The Defendant's actions described herein were reprehensible.

36. The Defendant's conduct was witnessed by other employees and patrons in the restaurant.

37. Plaintiffs request all appropriate remedies for violation of 42 USC § 1981.

WHEREFORE, each Plaintiff individually demands judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, punitive damages, with interest and costs, including attorney's fees under 42 U.S.C. § 1988(b) and other such costs as the court may deem appropriate.

## COUNT TWO--- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiffs incorporate the allegations contained in paragraphs 1 through 37 as though fully set forth herein.

39. On June 21st, 2020, Defendant, its agents and employee' (acting within the scope of their agency or employment) conduct towards Plaintiffs were atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

40. On June 21st, 2020, and continuing thereafter, Defendant and its agents and

employees (acting within the scope of their agency or employment) acted with the intent to inflict emotional distress upon Plaintiffs, or acted recklessly when they were certain or substantially certain emotional distress upon Plaintiffs would result from their conduct.

41. On June 21st, 2020, and continuing thereafter, the actions of the Defendant and its agents and employees (acting within the scope of their agency or employment) caused Plaintiffs to suffer emotional distress.

42. Defendant's conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiffs.

43. The aforesaid conduct by Defendant was extreme and outrageous and beyond the bounds of decency in society.

44. The conduct of Defendant's agents was malicious, willful and intentional.

45. As a result of Defendant's conduct and actions, Plaintiffs have suffered and will continue to suffer severe and extreme emotional distress.

WHEREFORE, each Plaintiff individually demands judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory and punitive damages, with interest and costs.

## COUNT THREE- RESPONDEAT SUPERIOR

46. Plaintiffs incorporate the allegations contained in paragraphs 1 through 45 as though fully set forth herein.

47. At all times relevant hereto, Defendant employed a hostess and manager(s) at Ouzo Bay located at 1000 Lancaster Street, in Baltimore City, Maryland.

48. On June 21st, 2020, Defendant's agents, servants and/or employees denied Plaintiffs service at Ouzo Bay based upon the color of their skin causing Plaintiffs to sustain severe injuries.

49. The above described acts of Defendant's hostess and manager(s) were committed within the scope of their employment with Ouzo Bay, in that they committed them while on duty, inside of Defendant's place of business, and in furtherance of Defendant's interests.

50. As the employer of the hostess and manager(s), Defendant is responsible for all of the acts they commit within the scope of their employment, including the subject acts and omissions complained of herein.

WHEREFORE, each Plaintiff individually demands judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, with interest and costs.

Respectfully submitted,

*/s/ Joseph E. Spicer*

Joseph E. Spicer, Esquire/ CPF# 9906240381
Cohen Harris, LLC
1 North Charles Street, Suite 350
Baltimore, Maryland 21201
Telephone No.: (888) 585-7979
Fax No.: (443) 773-0675
E-mail: joseph@cohenharris.com
Local counsel for lead counsel
Mills & Edwards, LLP
14 Penn Plaza, Suite 2020
New York, New York 10122