IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARCIA GRANT, ET. AL | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. 1:20-cv-02226--GLR |
| ATLAS RESTAURANT GROUP, LLC | : | |
| Defendant | : | |

## MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

COMES NOW, Defendant, Atlas Restaurant Group, LLC, by and through undersigned counsel, and in support of its Motion to Dismiss, says:

**I. FACTS**

This matter arises out of allegations that the Plaintiff and her minor son were discriminated against in being denied service at a restaurant. Atlas denies Plaintiff's allegations. As this matter comes before the Court on a motion to dismiss, all facts are taken from the Complaint and should be accepted as true, despite Defendant's denial. While Atlas firmly believes that racial discrimination in food service and public accommodations have no place in our society and that redress in our courts is proper and necessary to confront and prevent such evils, what is at issue in the instant Motion is whether Plaintiff has properly pled a claim. She has not.

Plaintiff alleges that she and her minor son were denied service at a restaurant operated by Defendant. Plaintiff alleges the she and her minor son are African American and that Defendant's actions were based on her race and the race of her minor son. She asserts in her Complaint that she and her minor son were advised that they could not dine at Defendant's

1

restaurant because her minor son's manner of dress did not meet the restaurant's dress code. Plaintiff alleges that she observed a patron's minor son wearing similar clothing to her minor son's clothing. Plaintiff's Complaint contains a conclusory allegation that she and her minor son were "never granted permission to eat at the restaurant and were turned away solely because of the color of their skin" (*See* Plaintiff's Complaint at ¶27). Plaintiff's Complaint appears to attempt to assert that she and her minor son were denied service due to discriminatory application of Defendant's dress code without actually ever making such allegation. (*See* Plaintiff's Complaint at ¶¶24, 25, 26).

Plaintiff frames her Complaint in three Counts. Count I alleges civil rights claims based on racial discrimination in violation of 42 U.S.C. § 1981. Count II alleges a common law claim for intention infliction of emotional distress. Count III alleges respondeat superior. Each of these claims will be discussed below.

## II.   LEGAL ARGUMENT

In order to survive a motion to dismiss, a complaint must set forth a "'claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 195, 167 L.Ed. 2d 929 (2007)); see Fed R. Civ. Pro. 12(b)(6). The "plausibility standard" "asks for more than a sheer possibility that a defendant has acted unlawfully," and "where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

**A.    Count I of Plaintiff's Complaint, alleging civil rights violations pursuant to 42 U.S.C. § 1981, fails to state a claim upon which relief may be granted as it fails to provide any allegation that race was the but-for cause of any conduct**

Very recently, in *Comcast Corp. v. National Association of African American-Owned Media*, a landmark decision, the Supreme Court clarified that for claims brought pursuant to 42 U.S.C. § 1981, "[t]o prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." _____ U.S. _____; 140 S. Ct. 1009, 1019; 206 L. Ed. 2d 356 (2020).

In *Comcast*, the plaintiff, an African-American-owned cable television network argued that a cable television provider had systematically disfavored African-American-owned media companies in violation of 42 U.S.C. § 1981. The plaintiff media company had successfully argued to the Ninth Circuit Court of Appeals that it only was required to show that race was a "motivating factor" in the cable network's decisions. 743 Fed. Appx. 106 (9th Cir. 2018). The Supreme Court rejected this argument and reversed, holding that claims brought pursuant to § 1981 must meet the normal "but-for" causation test, and the "motivating factor" test and the *McDonnell Douglas*[1] test, both advocated by plaintiff, were inapplicable to such claims.

Here, Plaintiff's Complaint does not advance any allegation that race was the "but-for" cause for Defendant's refusal to serve her and her minor son. Plaintiff does not even go so far as to allege that it was the motivating factor for Defendant declining to seat Plaintiff. Instead, Plaintiff's Complaint contains allegations that after the restaurant staff requested that she leave she observed another child, whom she believed was white, wearing clothing similar to her minor son dining in the restaurant (Plaintiff's Complaint at ¶ 20). Plaintiff alleges that she requested an explanation for Defendant's decision to refuse service and Defendant's staff conferred with the

---

[1]    *McDonnell Douglas Corp. v. Green*, 411 U. S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

restaurant manager (Plaintiff's Complaint at ¶ 21). Plaintiff alleges that she requested further clarification, pointing out the other child's manner of dress (Plaintiff's Complaint at ¶¶ 23, 24) and alleges that there was no distinction between the Plaintiff's minor son's manner of dress and the other child other than their skin color and that she was offered no reason for the different treatment. (Plaintiff's Complaint at ¶ 25). In ¶ 24 of her Complaint, where Plaintiff outlines her allegations that the dress code was allegedly applied differently based on race, Plaintiff does not actually allege but-for causation, but instead asserts:

> Even after highlighting the similarities in the outfits, Plaintiffs were not allowed to enter the restaurant and were denied service which *indicated* a different application of the Defendant's dress code policy for difference races.

(Emphasis added). The entire Complaint is devoid of any allegation, expressly required by *Comcast, supra,* that but-for her son's race he would not have been excluded from the restaurant.

In her factual assertions, as well as in Count I itself, Plaintiff makes no such allegation. Plaintiff points to another child who she says is white and wearing similar clothing as evidence of different treatment. However, a Plaintiff asserting a claim for racial discrimination based upon 42 U.S.C. § 1981 "must make more than a general statement that he was treated differently as a result of race." *Asi v. Information Management Group,* 2019 WL 4392537, *6 (D.Md. September 13, 2019). When pointing to a comparator to support a claim of discrimination, a plaintiff must not only identify the comparator, but must "'establish a plausible basis for believing [the comparator] was actually similarly situated.'" *Id. citing Coleman v. Md. Court of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010). Here, Plaintiff does not even make an affirmative allegation, asserting that the unidentified other minor "appeared" to be white and "appeared" to be wearing similar clothing. (Plaintiff's Complaint at ¶¶ 19, 20). As such, Count I fails to state a claim upon which relief may be granted and should be dismissed.

**B.     Count II of Plaintiff's Complaint, alleging intentional infliction of emotional distress, fails to state a claim upon which relief may be granted as Maryland law does not recognize a common law right to service at a restaurant; Maryland's civil rights laws concerning such allegations do not provide for a private cause of action; and, as plead, Plaintiff fails to allege sufficient harm**

Count II of Plaintiff's Complaint attempts to advance a claim for intentional infliction of emotional distress based upon Defendant's refusal to serve her purportedly based upon a differing application of Defendant's dress code based on race. In order to assert a claim for intentional infliction of emotional distress, Plaintiff must establish the following elements:

(1)     The conduct must be intentional or reckless;

(2)     The conduct must be extreme and outrageous;

(3)     There must be a causal connection between the wrongful conduct and the emotional distress; [and]

(4)     The emotional distress must be severe.

*Figueiredo-Torres v. Nickel*, 321 Md. 642, 653 (1991) (*citing Harris v. Jones*, 281 Md. 560, 566 (1977)). As discussed by this Honorable Court in *Davenport v. Maryland* "[i]n Maryland, IIED claims are 'rarely viable' and, thus, subject to a heightened pleading standard." 38 F. Supp.3d 679, 692-3 (D.Md. 2014)(citations omitted). "Each of the four elements of an IIED claim must 'be pled . . . with specificity.'" *Id.*

Moreover, a claim for intentional information of emotional distress must be plead with particularity. Plaintiff has failed to plead with particularity sufficient facts to show that the conduct was intentional or reckless as well as extreme and outrageous and further has failed to allege sufficient harm to meet the required pleading threshold.

5

### i. Plaintiff has failed to plead facts to show intentional and reckless conduct

The first element requires that the conduct be "intentional and reckless." To plead this required element a plaintiff must allege with particularity that defendants "'either desired to inflict severe emotional distress, knew that such distress was certain or substantially certain to result from [their] conduct, or acted recklessly in deliberate disregard of *a high degree of probability* that the emotional distress will follow.'" *Foor v. Juvenile Servs, Admin.*, 78 Md. App. 151, 175 (1989) (emphasis in original). The Complaint does not contain any allegation that Defendant intended that Plaintiff and her minor son sustain emotional distress nor that they knew that such distress was substantially certain to result. In regard to a showing of reckless conduct, such conduct requires not merely a showing of reckless disregard, but a deliberate disregard of a *high probability* that emotional distress would result.

As in *Foor*, here the Complaint contains a bald allegation of recklessness, "But they set forth no facts supporting any such animus." 78 Md. App. at 175. While, for purposes of a negligence action, "foreseeability need extend only to a general range of harm, to establish this intentional tort, the foreseeable consequence must be far more precise, for it is the achievement of that consequence, from which the distress is expected to arise, that lies at the heart of the tort." *Id.*

### ii. Plaintiff has failed to plead facts to show extreme and outrageous conduct because Maryland does not recognize a common law right to entry into a restaurant and service and Maryland's civil rights statutes do not provide for a private right of action in claims involving public accommodations

The second element required to prove a claim for intentional infliction of emotional distress requires Plaintiff to establish is that the Defendant's conduct was "extreme and outrageous." *Id.* Plaintiff's allegations concerning Defendant's conduct, taken as true for

6

dismissal purposes, cannot amount to extreme and outrageous conduct as there is no common law right to demand service in a restaurant. Much like Maryland's common law concerning employment relationships, service at a restaurant is generally "at-will." Maryland has enacted broad civil rights statutes protecting employees from discrimination. Without such statutes, no such protection would exist. The same is true of public accommodations. Civil rights statutes are in derogation of the common law and provide new rights and remedies not available at common law. If such rights were available at common law, our civil rights statutes would be unnecessary. Maryland's civil rights statutes, while broad and robust, contain prohibitions on discrimination in public accommodations but do not afford a private cause of action. As there is no common law right or statutory cause of action, there is no remedy available under Maryland law, no matter how the claim is framed. As explained by the Maryland Court of Special Appeals in *Dillon v. Great Atlantic & Pacific Tea Co.*:

> We think Judge Wray correctly summarized the law with respect to the common law vis-a-vis the statute when he penned, 'If the statute does not authorize a particular form of relief, and the common law recognizes no such cause of action, that form of relief is not available. *See Herd & Co. vs. Krawill Machinery Corp.*, 359 U.S. 297 (1959).

43 Md. App. 161, 166 (1979) (holding that disabled prospective employee could not bring a discrimination claim based on defendant's failure to hire him as no right to employment existed at common law and the statute upon which plaintiff framed his claim, which was in derogation of the common law and therefore had to be strictly construed, did not afford a private right of action); *see also Willey v. Ward*, 197 F.Supp.2d 384, 388 (D.Md. 2002) (Maryland's Fair Employment Practices Law does not provide for a private right of action and therefore plaintiff's complaint failed to state a claim upon which relief can be granted) (citing *Dillon, supra*).

There is no common law right to service at a public accommodation. *Silbert v. Ramsey,* 301 Md. 96, 103-4 (1984) (Maryland common law recognizes a right to refuse service and such right has only been abrogated by civil rights statutes in regard to denials of service to protected classes based upon patron's membership in such class). While Maryland has indeed enacted broad and robust civil rights protections for patrons of public accommodations, those protections do not provide for a private cause of action. Md. State Gov't § 20-304; *see Baker v. Greyhound Bus Line*, 240 F.Supp.2d 454, 455 (D.Md. 2003) (prior codification of Maryland's civil rights statutes did not recognize a private right of action for civil rights violations concerning discrimination in public accommodations) *aff'd* 63 Fed. Appx. 164 (4th Cir. 2003)*; Westray v. Porthole,* 586 F.Supp. 834, 840 (D.Md. 1984) ("'If the statute does not authorize a particular form of relief, and the common law recognizes no such cause of action, that form of relief is not available.'") (*quoting Dillon, supra*); *compare* Md. State Gov't § 20-1013 (providing a private cause of action for claims of employment discrimination).[2]

### iii. Plaintiff's Complaint fails to allege sufficient harm to advance a claim for intentional infliction of emotional distress

Assuming *arguendo* that Maryland recognizes a common law right to demand service in a public accommodation, Plaintiff has failed to allege sufficient facts to sustain a claim for intentional infliction of emotional distress. The 4th element to such a claim, addressed above, requires a showing of emotional distress that causes a "'*severely* disabling emotional response' so acute that 'no reasonable man could be expected to endure it.'" *Monidis v. Cook*, 64 Md. App. 1, 15 (1985) (*citing Harris v. Jones, supra,* 281 Md. at 570). This requirement "imposes a 'high

---

[2]  *See Butler v. Giant Food*, 2008 U.S. Dist. LEXIS 106737 (D.Md. 2008) *aff'd* 294 Fed. Appx. 56 (4th Cir. 2008) (holding that Plaintiff could not assert a claim for discrimination in employment because alleged discriminatory conduct occurred in March 2006, and private right of action for employment discrimination claims in former Article 40B of the Md. State Gov't Code did not exist until October 1, 2007.

burden.'" *Davenport, supra*, 38 F.Supp.3d at 693. Plaintiff does not allege anything close to the required showing. Instead, she alleges that she and her minor son suffered " severe and extreme emotional distress." (Plaintiff Complaint at ¶ 44). Such conclusory allegations do not meet the high standard required to show such damages for such a claim.

### C. Count III of Plaintiff's Complaint, alleging respondeat superior, fails to state a claim upon which relief may be granted as respondeat superior is a theory of liability, not a claim

Count III of Plaintiff's Complaint advances a claim for "respondeat superior." Respondeat superior is a legal theory which holds employers liable for certain torts committed by their employees while acting in the scope of their employment. It is not a separate cause of action. *See Bahr v. Hughes*, 2018 Md. App. LEXIS 194, * 37-38 (2018) (acknowledging counsel's argues that respondeat superior is not an independent cause of action but holding that as there was no argument the actions taken were outside the scope of employment denying amendment to a complaint to add an independent count for respondeat superior could not be error). Therefore, Count III fails to state a claim upon which relief may be granted and should be dismissed.

### III. CONCLUSION

For the foregoing reasons, this Honorable Court should DISMISS Plaintiff's Complaint and provide such other relief as it deems just and proper.

Respectfully submitted,

DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP


/s/ James S. Liskow
James S. Liskow
17251 Melford Boulevard
Suite 200
Bowie, MD 20715
Tel:    (301) 352-4950
Fax:    (301) 352-8691
jliskow@decarodoran.com

THOMAS & LIBOWITZ, P.A.


/s/ Scott H. Marder
Scott H. Marder
shmarder@tandllaw.com



/s/ Sima G. Fried
Sima G. Fried
25 S. Charles Street
Suite 2015
Baltimore, MD  21201
Tel:    (410) 752-2468
Fax:    (410) 752-0979
sfried@tandllaw.com

10

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the  19th   day of   October  , 2020, a copy of the foregoing Memorandum of Points & Authorities in Support of Motion to Dismiss was efiled to:

Joseph E. Spicer, Esquire
COHEN HARRIS, LLC
1 North Charles Street
Suite 350
Baltimore, MD  21201

                                       /s/ James S. Liskow
                                       James S. Liskow

\\DDSGD\Data\Common\WP\L4\JSL\2-CLIENT FILES\Grant, et al v Atlas Rest. Group\Pleadings\MemoSupportMTD.docx