IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARCIA GRANT, ET. AL | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : Civil Action No. 1:20-cv-02226--GLR |
| | : |
| ATLAS RESTAURANT GROUP, LLC | : |
| | : |
| Defendant | : |

## MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and Maryland Rule 2-403(a), third-party E.R., through her attorney John C. Angelos, respectfully moves for entry of a Protective Order forbidding the taking of discovery of her name or her minor son's name in connection with a video filmed on June 21, 2020, at Ouzo Bay in Baltimore City on the grounds that such discovery includes the identity of a minor child and would cause annoyance, embarrassment, oppression, or undue burden or expense, and says:

1. E.R. is the mother of L.R., a minor.

2. On June 21, 2020, E.R along with her husband and L.R., her minor son, as well as his siblings, had a Father's Day meal at Ouzo Bay in Baltimore City.

3. In the days that followed, E.R. learned from friends who had seen on various media sources that an individual, later identified as the plaintiff in this action, had filmed L.R. as the family was getting up to leave their table following their meal.

4. E.R. learned that the plaintiff had appeared on national media, including Good Morning America, and played the video with L.R.'s face obscured.

5. The video ultimately went "viral" on social media and has, to date, received upwards of 4 million views across several YouTube channels, including various local news stations, Inside Edition, TMZ, and NowThis News.

6. At no time did L.R or her husband give anyone permission to film their family or their minor son, L.R.

7. No individual or individuals made any attempt to speak with L.R. about her experience at Ouzo Bay or her son's clothing.

8. E.R. has good cause to request a prohibition of discovery of her name and her minor son, L.R.'s name in connection with this video.

9. Because of the extensive reach the video achieved on social media, it is reasonable to assume that identifying E.R. and L.R. would lead to annoyance, embarrassment, oppression, or undue burden or expense.

10. Because media posted on the internet remains there in perpetuity, there is no reason to believe that the passage of time has or will shield E.R. and L.R. from the harm discovery of their identities presents.

11. E.R. wishes to maintain anonymity for herself, her minor child L.R., and the entire family throughout this proceeding.

**WHEREFORE**, E.R., third-party to this proceeding, prays that the relief requested in her Motion for Protective Order be granted pursuant to applicable Federal Rules of Civil Procedure and Maryland Rules.

Respectfully submitted,

*/s/ John C. M. Angelos*
John C.M. Angelos, Esquire
ANGELOS LEGAL GROUP, P.C.
2066 York Rd.

        Suite 204
        Lutherville-Timonium, MD 21093
        (o) 410-252-2066
        (f) 410-252-2078
        johncm@johnangeloslaw.com
        CPF#: 9012180014
        *Attorney for Erin Ross*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 22, 2022, a copy of the foregoing Motion was efiled to:

Joseph E. Spicer, Esquire
Cohen Harris, LLC
1 North Charles Street
Suite 350
Baltimore, MD 21201
*Attorney for Marcia Grant, et. al*

James S. Liskow, Esquire
DeCaro Doran Siciliano Gallagher & DeBlasis, LLP
17251 Melford Boulevard, Suite 200
Bowie, Maryland 20715
*Attorney for Atlas Restaurant Group, LLC*

Scott H. Marder, Esquire
Thomas & Libowitz, P.A.
25 S. Charles Street, Suite 2015
Baltimore, Maryland 21201
*Attorney for Atlas Restaurant Group, LLC*